IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JEANNE M. DISANTILLO, | ) | |
| | ) | |
| Plaintiff/ | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11-cv-00545-SRB |
| | ) | |
| SIMON PROPERTY GROUP, INC., | ) | |
| | ) | |
| Defendant/Counterclaimant/ | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHELE DISANTILLO, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STEVEN E. CAFFEY, | ) | |
| | ) | |
| Counterclaim/ | ) | |
| Third-Party Defendants. | ) | |

## ORDER

Before the Court are three motions: 1) Plaintiff Jeanne DiSantillo's Motion Granting Voluntary Dismissal Pursuant to Rule 41(a)(2), Fed.R.Civ.P. (Doc. #159); 2) Simon Property Group, Inc.'s Motion to Modify the Court's Order [Doc. 160] Granting Plaintiff's Motion for Voluntary Dismissal (Doc. #162); and 3) Simon Property Group, Inc.'s Consolidated Motion Requesting this Court Direct Entry of Judgment Pursuant to Fed.R.Civ.P.54(b) and 58 and for Costs, Attorneys' Fees and Expenses Pursuant to Fed.R.Civ.P. 54(d) (Doc. #178). For the reasons discussed below, Plaintiff DiSantillo's motion granting voluntary dismissal (Doc. #159) is GRANTED. Simon Property Group's motion to modify (Doc. #162) is DENIED, and Simon Property Group's motion requesting entry of judgment (Doc. #178) is DENIED.

## I. Background

This case has a long history. On May 27, 2011, this case was removed to federal court by Defendant Simon Property Group. Defendant filed a motion to dismiss and to stay discovery on August 22, 2011. Both motions were denied on October 14, 2011. An additional party was added, and new motions to dismiss were filed and denied. An amended scheduling order was entered on April 10, 2014, and yet another amended scheduling order was entered on November 25, 2014. The case was transferred to the undersigned on February 9, 2015, and a new scheduling order was entered on April 20, 2015. Given that Defendant Simon Property Group is seeking an award of costs, attorneys' fees, and expenses for the entirety of the litigation, it is important to note that Defendant sought eight extensions of time during the course of this proceeding, and the scheduling order has been amended eight times with Defendant's consent.

Plaintiff DiSantillo filed a motion seeking a Court order to allow her to voluntarily dismiss her complaint with prejudice pursuant to Fed. R. Civ. P. 41(a)(2) on July 27, 2015. This Court promptly granted Plaintiff's motion the following day, dismissing Plaintiff's complaint with prejudice and ordering each party to bear their own costs. Defendant Simon Property then filed a motion to modify the Court's July 28 Order seeking an award of costs, attorneys' fees, and expenses. Both motions are now fully briefed with responses and replies having been filed. Defendant Simon Property Group filed another motion on September 18, 2015, seeking costs, attorneys' fees, and expenses, and rearguing points raised in the prior, related briefing.

## II. Legal Standard

Defendant Simon Property cites to Federal Rules of Civil Procedure 54 and 41 in its motion to modify the Court's July 28 Order. Defendant's subsequent motion requesting entry of judgment and seeking costs, fees, and expenses cites to Federal Rules of Civil Procedure 54 and

**2**

58. Rule 58(e) references the Court back to Rule 54 as a basis for awarding costs and attorneys' fees and does not serve as an independent basis for an award of either. Accordingly, the Court will focus on Rules 54 and 41 in ruling on the parties' pending motions.

"Rule 54(d)(1) provides costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Thompson v. Wal-Mart Stores, Inc., 472 F.3d 515, 517 (8th Cir. 2006) (internal quotations omitted). "[I]tems proposed by winning parties as costs should always be given careful scrutiny." Linneman Constr., Inc. v. Montana-Dakota Utilities, Co., 504 F.2d 1365, 1370 (8th Cir. 1974) (internal quotations omitted). Although "[a] prevailing party is presumptively entitled to recover all of its costs," a district court may rebut the presumption by "provid[ing] a rationale for denying the prevailing party's claim for costs." Thompson, 472 F.3d at 517 (citing In re Derailment Cases, 417 F.3d 840, 844 (8th Cir. 2005)). The district court's rationale must be more than a "general statement of fairness." Id. (finding the district court's rationale that denying defendant fees and costs was "fair to both Wal-Mart and [Thompson]" insufficient to rebut the presumption). "[A]llocation of costs is within the sound discretion of the trial court and its decision will only be reversed for an abuse of discretion." J.E.K. Indus., Inc. v. Shoemaker, 763 F.2d 348, 353 (8th Cir. 1985); Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983).

Rule 54(d)(2)(A) provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion[.]" Rule 54(d)(2)(B) requires, in part, that such motion be filed not later than 14 days after entry of judgment and specify "the judgment and the statute, rule, or other grounds entitled the movant to the award[.]" Rule 54(a) defines "judgment" to "include[] a decree and any order from which an appeal lies." When, as here, an order of dismissal does not resolve all claims in a litigation because counterclaims remain pending, Rule

**3**

54(b) allows the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Without such an entry of final judgment, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

"[Rule] 41(a)(2) provides that after a defendant has served its answer, an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Mullen v. Heinkel Filtering Sys., Inc., 770 F.3d 724, 727 (8th Cir. 2014) (internal quotations omitted). "The decision to grant or deny a plaintiff's motion to voluntarily dismiss a lawsuit rests upon the sound discretion of the district court, and [the Eighth Circuit] review[s] the court's decision for abuse of that discretion." Beavers v. Bretherick, 227 F. App'x 518, 520 (8th Cir. 2007); Cahalan v. Rohan, 423 F.3d 815, 818 (8th Cir. 2005). "'[P]ayment to the defendant of the expenses and a reasonable attorney fee may properly be a condition for dismissal *without prejudice* under Rule 41(a) but . . . omission of such condition is not necessarily an arbitrary act.'" Mullen, 770 F.3d at 729 (emphasis added) (quoting Kern v. TXO Prod. Corp., 738 F.2d 968, 972 (8th Cir. 1984) (holding "the district court did not abuse its discretion by granting the voluntary dismissal without awarding fees and costs").

**III. Discussion**

In recognition that granting Plaintiff DiSantillo's motion for voluntary dismissal does not resolve all claims because Defendant Simon Property Group's counterclaims remain pending, Defendant asks this Court to direct entry of final judgment on Plaintiff's claims and award

**4**

Defendant Simon Property Group its attorneys' fees and expenses pursuant to Rules 54(b) and 54(d)(2). A portion of Defendants' counterclaims involves a contractual claim for attorneys' fees. In essence, Defendant is attempting to use Plaintiff DiSantillo's voluntary dismissal – a dismissal in which no fact finding or determination of liability has occurred – to establish Defendant's right to attorneys' fees, costs, and expenses, which make up the damages Defendant seeks by its counterclaims. Whether Plaintiff's voluntary dismissal is made final or not, the Court declines to award fees under Rule 54(d)(2) in this circumstance. The Court declines to enter final judgment on Plaintiff's voluntary dismissal of its claims, and Defendant's motion (Doc. #178) on this point is denied.

This Court finds that the proper terms for dismissal under Rule 41(a)(2) require that the parties' bear their own costs, attorneys' fees, and expenses. Further, the Court finds that the presumption of awarding costs to a prevailing party under Rule 54(d)(1) has been rebutted. From this Court's view, Defendant Simon Property through its counsel played a considerable role in lengthening this litigation. The case, unfortunately, is far from over. The Court also appreciates Plaintiff DiSantillo's justification for voluntary dismissal at this stage – *i.e.*, the deterioration of her health during the years this case has been pending and the expected further deterioration of her health if she were to continue prosecuting her claims. Defendant Simon Property Group does not challenge Plaintiff's justification for voluntary dismissal at this stage. The Court also notes that a dismissal with prejudice would normally be greeted with open arms by a defendant, yet the longevity of this litigation and the obvious tension between the parties makes a simple dismissal impossible.

5

Case 4:11-cv-00545-SRB   Document 190   Filed 10/06/15   Page 5 of 6

## IV. Conclusion

For the foregoing reasons, it is hereby ORDERED:

1) Plaintiff Jeanne DiSantillo's Motion Granting Voluntary Dismissal Pursuant to Rule 41(a)(2), Fed.R.Civ.P. (Doc. #159) is GRANTED, and the Court's prior Order dated July 28, 2015, is incorporated here by reference;

2) Simon Property Group, Inc.'s Motion to Modify the Court's Order [Doc. 160] Granting Plaintiff's Motion for Voluntary Dismissal (Doc. #162) is DENIED; and

3) Simon Property Group, Inc.'s Consolidated Motion Requesting this Court Direct Entry of Judgment Pursuant to Fed.R.Civ.P.54(b) and 58 and for Costs, Attorneys' Fees and Expenses Pursuant to Fed.R.Civ.P. 54(d) (Doc. #178) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: October 6, 2015